# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JUAN ALBERTO ORTIZ-LOPEZ, ET AL.** | : | **DOCKET NO. 2:18-cv-0931** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **LORETTA LYNCH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 18] filed pursuant to Rules 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure by the Director of the Federal Bureau of Prisons and United States Attorney General Jefferson B. Sessions, III, respondents in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

The motion to dismiss relates to a petition filed in the United States District Court for the District of Columbia, by several inmates in the custody of the Bureau of Prisons. Doc. 1. They assert that their convictions and sentences violate various constitutional provisions. *Id.* at 1–11. In relief, they seek 1) a declaration that the respondents have violated the Constitution, 2) release from prison, and 3) whatever other relief the court deems appropriate, including but not limited to costs of their commercial transportation home. *Id.* at 12.

The respondents filed the Motion to Dismiss, challenging subject matter jurisdiction, personal jurisdiction, and venue in the District of Columbia. Doc. 18. They also maintain that

plaintiffs have failed to state a claim on which relief can be granted. *Id.* Although the petitioners asserted that they were seeking relief through a civil rights complaint under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), the district court construed the action as a habeas petition filed pursuant to 28 U.S.C. § 2241 because it attacked the fact or duration of his confinement rather than the conditions of same. Doc. 34. The district court observed that all petitioners had been incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO") when the petition was filed. *Id.* As it noted, jurisdiction in a § 2241 petition challenging present physical confinement is only possible in the district of incarceration. *Id.* Accordingly, the court ordered that the matter be transferred to the districts where petitioners were currently incarcerated. Doc. 34. The claims of Juan Alberto Ortiz-Lopez, Jorge Luis Solar-Chima, Manuel Julin Carnales, Elder Nehemia Lopez-Hernandez, and Rafael Antonio Patino-Villalobos, who remained and are still at FCIO, were transferred to this court on July 16, 2018. Doc. 35.

The respondents' motion to dismiss remains pending, and is opposed (in relevant part) by petitioners Juan Alberto Ortiz-Lopez [doc. 23], and Jorge Luis Solar-Chima, Manuel Julin Carnales, Elder Nehemia Lopez-Hernandez, and Rafael Antonio Patino-Villalobos, who all adopted Ortiz-Lopez's response. *See* doc. 26 and unnumbered minute order dated January 18, 2018. Respondents have also filed a reply. Doc. 32. Accordingly, the matter is now ripe for review.

## II.
### LAW & ANALYSIS

This court does not challenge the conclusions of the transferor court that (1) the petition is properly construed as a habeas petition under § 2241 and (2) the only district with jurisdiction over such a petition is the district of incarceration. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973); *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). Accordingly, we consider the motion to

dismiss with respect to the petitioners whose claims were transferred to this court and the grounds that were not mooted by the transfer.[1]

### A. Rule 12(b)(1) motion

#### 1. Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

The court is not required to show such deference when resolving factual attacks, however. "On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the . . . attack . . . also implicates the merits of plaintiff's cause of action." *Taylor v. Dam*, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) (quoting *Garcia*, 104 F.3d at 1261). Where the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's case,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority

---

[1] The challenges based on personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2) and (3), which were based on the District Columbia's relationship to the warden of FCIO as proper respondent and place of incarceration as proper venue in this matter, are rendered moot by the transfer.

> that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 753–54 (quoting *Garcia*, 104 F.3d at 1261).

### 2. Application

The court considers a jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Furthermore, federal courts are "duty bound to examine the basis of subject matter jurisdiction sua sponte" and to dismiss the action if they determine at any time that they lack subject matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); Fed. R. Civ. P. 12(h)(3). Accordingly, we first consider respondents' arguments raised against subject matter jurisdiction, as well as any other concerns this court notes sua sponte, and recommend dismissal as to any claims over which the court lacks subject matter jurisdiction, before proceeding to attacks on the merits under Rule 12(b)(6), infra.

The respondents' attack to subject matter jurisdiction relates to the fact that petitioners had not asserted their claims through a § 2241 petition. Doc. 18, pp. 6–8. The action is now construed as a § 2241 petition, however, and this court still finds that subject matter jurisdiction is lacking. Namely, we note that petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here the petitioners collaterally attack their convictions and

sentences, arguing that they were deprived of due process. Therefore, their claims should be advanced in § 2255 motions in their respective trial courts.[2]

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek habeas relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, a petitioner wishing to proceed under the savings clause "must make a showing of both actual innocence and retroactivity." *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011). The petitioner meets this burden by showing: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

Here the petitioners rely on general assertions of due process and international law violations, appearing to complain mainly of their extradition to the United States. They do not show any prior attempts at relief through § 2255, much less that an intervening Supreme Court decision shows that they have been convicted of a nonexistent offense. Accordingly, petitioners

---

[2] Of the petitioners whose claims were transferred to this court, only Ortiz-Lopez and Solar-Chima provide details about their convictions. Ortiz-Lopez alleges that he was extradited to the United States from Guatemala and convicted in the United States District Court for the Middle District of Florida and convicted there of possession with intent to distribute cocaine, while on board a plane subject to the jurisdiction of the United States. Doc. 1, p. 9. Solar-Chima alleges that he was extradited to the United States from Colombia and convicted of drug trafficking charges, though he does not specify where he was convicted. *Id.* at 10. A search of this court's electronic filing system reveals no record that any petitioner in this matter was tried in this district.

have not shown a right to proceed in this court under the savings clause and their habeas claims should be dismissed without prejudice for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

### B. Rule 12(b)(6) motion

#### 1. Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor will a complaint suffice if it tends naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (cleaned up). Instead, the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). Accordingly, the court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### *2. Application*

Respondents also note that, even if petitioners insist on proceeding in a civil action, they are barred from challenging their convictions under *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). There the Court held that a plaintiff could not use a civil suit to challenge the validity of his conviction or sentence, unless he demonstrated that the conviction or sentence had been reversed or otherwise invalidated. *Id.*; *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). In both their complaint and response, petitioners do not raise any specific claims against their conditions of confinement but instead complain that they have been imprisoned without due process of law. Doc. 1; doc. 23, p. 9. They have not shown that their convictions or sentences have been invalidated in any way. Accordingly, they have not alleged any basis for relief under *Bivens* which is not *Heck*-barred, and their civil rights claims should be dismissed under Rule 12(b)(6).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 18] be **GRANTED**. Accordingly, the petitioners' claims for habeas relief should be **DISMISSED WITHOUT PREJUDICE** and their claims under *Bivens* should be **DISMISSED WITH PREJUDICE**, resulting in dismissal of the action as a whole.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 30th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE